UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 2003-CR-10363-RCL

UNITED STATES OF AMERICA

V.

CHUONG VAN DUONG

## ORDER

ALEXANDER, M.J.

The Court engaged two interpreters for the second day of the detention hearing in this matter – one to translate for the defendant and one to translate for the witnesses. The interpreter translating for the defense witnesses sent this Court's Deputy Clerk the letter attached hereto as Exhibit A and requests that it be given to counsel. At no time prior to sending the letter did the interpreter inform this Court or its Deputy Clerk that the interpreter had any prior connection or relationship with the defendant and/or the defense witnesses. Counsel shall submit their responses to the potential conflict of interest no later than the close of business on January 27, 2004.

SO ORDERED.

January 14, 2004

United States Magistrate Judge

# EXHIBIT A

FROM :    FAX NO. :617 734 1315    Jan. 13 2004 05:59PM P1/2

*Draft for Mr. Reo. Brown — to see — before send — official Thanks. TA 7J*

The Honorable Joyce London Alexander                    January 12, 2004
Judge, United States District Court
Boston, MA

My name is Tai Van Ta. I was the Vietnamese language interpreter in the arraignment and the detention hearing of Mr.Chuong Van Duong, in Your Honor's Court.

After these two sessions, I respectfully request this opportunity to address Your Honor about my concern about possible conflict between my current role of interpreter in this case and my role of attorney in prior years. I am requesting and waiting for your order as to whether I should withdraw as interpreter from this case, after consideration of the following facts.

I also request that the Court inform both the US Attorney Office and the Defense Counsel in this case about this concern and this request.

When I first arrived at the arraignment session, I did not know which defendant I was going to help the Court with. Only after I was there did I know his name is Chuong Van Duong. The arraignment only stated the alleged offenses of money laundering etc., without going into the details, so although I recognized Mr. Duong as my former client in my role of attorney in prior years, I have thought his alleged offenses had something to do with money transfers to Vietnam or elsewhere, under the Patriot Act. And therefore, there is no conflict of interest, because, due to long years of law practice and interpretation as one of two or three only certified Vietnamese court interpreters in Massachusetts, I was well-known among the Vietnamese-American community in this state and I have thought this Duong Van Chuong case would be similar to other cases in which I was, for example, court-appointed interpreter for Mr. XYZ who was prosecuted in a criminal court for beating up his wife or engaged in a brawl and who then years later asked me to serve as attorney for purchase of a convenient store or for divorce. I have thought Mr. Chuong Van Duong might be accused of laundering money in violation of the Patriot Act, which has nothing to do with my legal work for him in prior years, and my words in my work as interpreter in Your Honor's Court would be recorded by a recording machine for any other competent interpreter to check on the accuracy of my translation later if need be.

Only after I came for the detention hearing of Mr. Chuong Van Duong and helped with interpreting for the witnesses and took a glimpse at the indictment did I realize that the indictment concerns his alleged scheme to raise money from investors and the indictment points out that, among many corporations Mr. Duong incorporated for his acts, there were two corporations I helped him to incorporate or assisted him and his shareholders during incorporation : Asia Golden Dragon Corporation ("AGDC") , in March 1995 and Global Garment Exchange Internet Corporation ("GLOBAL") , on June 27, 2000

When Mr. Duong came to me in 1995 with his wife to ask me to incorporate "AGDC", I remember they were the only two shareholders and listed themselves as officers in the corporation. Before that, I did not know Mr. Duong. He probably looked for my legal service because of my reputation in the Vietnamese community. And after incorporation, I did not know what they did with their corporation.

Many years passed when in June 2000, my other client Mrs. Katherine Khang Nguyen asked me to come to meet with her friends and helped with the incorporation of "GLOBAL". In one meeting, I helped prepare the articles of incorporation with the following initial board of directors: Mr. Zung Quoc Nguyen as president, Mrs. Katherine Khang Nguyen as Treasurer, Mr.John Chang as Clerk, and the directors consisting of the above three persons and also Duong Van Chuong. They asked me to serve as counsel. I

1

said I could help as outside counsel, but they wanted me to be also board member, and I accepted because at the time of establishing the corporation, the business purpose of the corporation sounded innovative and brilliant to me and it could lead to success if carried out : using the Internet as means of communication and matching between the demand market of garment (department stores etc..) in the US and the immense cheap-labor garment supply resources in China (tailor-made with designs and measurements from the US). But in the next one or two meetings, I had misgivings about Mr. Duong's boasting about other matters. So very soon after incorporation, I demanded that my name be deleted from the board of directors. I was thinking of sending myself the "Certificate of Change of Directors" to The Corporate Division at Massachusetts Secretary of the Commonwealth's Office, to delete my name from the board if they refused or failed to do so (according to the form provided by that office), but then they deleted my name on October 1,2000 as instructed. I never engaged in advising the corporation on doing any business. I only helped in the incorporation process. And my name was on the initial board only from incorporation filing on June 27,2000 to the date of change of directors on October 1,2000 at my request.

After my reading of the indictment, I envision that when the case will move beyond the stage of detention hearing, my role as the previous attorney in incorporating the two corporations may (or may not) put me in the witness stand, during the substantive proceedings (trial, for example). Therefore I have the concern about the awkward apparent conflict at that time of testifying, in any party asks me to be witness.

I also would like to inform The Court on some secondary facts:1) One witness who appeared on the stand on the detention hearing day, Mrs. Kim Dung Tran, at one time asked me to help with resolution of the problem of power-of-attorney for selling the marital house with her husband during a divorce, and I did made one contact with the husband's attorney. but the problem was not solved and I did not charge her any fee. 2) I helped as Court-appointed interpreter for the parents of Mr. Zung Quoc Nguyen, the President of "GLOBAL" (who, I understand, is/are the accuser(s) in this Chuong Van Duong case) in a case where they were, a long time ago, defendants in a case against the Massachusetts Department of Public Welfare, which they lost . 3) Some years ago, I advised Mrs. Katherine Nguyen and her husband Nhut Cao not to seek divorce with my help in Massachusetts, for the sake of their children's happiness, but they did not listen to me and they had the "quickie" divorce in Nevada --and that started Mrs. Nguyen's involvement with Mr. Chuong Van Duong. I do not know how much Mrs. Katherine Nguyen knew about the business she did together with Mr. Duong, but she was sincerely convinced that he had great plans in China, but I still advised her later, as her former ad hoc attorney in that attempted divorce (she had the late Mrs. Golbarb as regular family attorney), that she should declare herself or made some move to declare herself not part of the business enterprise of Mr. Duong IF she feels something is wrong, to stay clear of trouble with the law, under the law on conspiracy. All these entangling facts are due to my being well-known in the community and people came to me for help. However, the facts about the witnesses may not be as relevant as my role of lawyer for incorporation I described above.

I am waiting for your order.

Respectfully,
Tai Van Ta
145 Naples Road.
Brookline, MA 02446
Tel (617) 216 3873 --(617) 734 1315