UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 03-CR-10363-RCL

UNITED STATES OF AMERICA

V.

CHUONG VAN DUONG

**ORDER ON DETENTION**

ALEXANDER, M.J.

The defendant, Chuong Van Duong, appeared before this Court on January 8, 2004[1] for a detention hearing pursuant to an indictment charging him with violation of 18 U.S.C. § 1341 (frauds and swindles), 18 U.S.C. § 1956 (a) (money laundering - interstate commerce), and 31 U.S.C. § 5324 (a)(3) (structuring transactions to evade reporting requirements), 18 U.S.C. § 2 (aiding and abetting), and 18 U.S.C. §§ 981- 982 and 28 U.S.C. § 2461(c) (criminal forfeiture). The defendant was represented by Attorney Beryl W. Cohen and the government was represented by Assistant United States Attorney Maureen B. Hogan. The government moved for detention pursuant to 18 U.S.C. § 3142 (f)(2)(A) (risk of flight). In that an indictment is extant, there is probable cause to believe that the defendant committed the offenses with which he is charged. United States v. Vargas, 804 F.2d 157, 162-63 (1st Cir. 1986).

The government proceeded by way of proffer, averring that federal agents,

---

[1] On December 23, 2003, the Court allowed the defendant's motion to continue the detention hearing to January 8, 2004.

including those employed by the Internal Revenue Service, investigated this defendant since at least March of 2003. The investigation included interview with approximately ten purported victims, recorded conversations with the defendant, and the use of an undercover agent of the Federal Bureau of Investigation. The government contends that the investigation leads it to believe that since 1996 the defendant has defrauded numerous individuals by various false representations and promises in order to induce them to invest in "import-export" businesses owned by the defendant.[2]

The defendant also proceeded by way of proffer, butressed by the testimony of four of his investors – all of whom admitted to transferring significant amounts of money to the defendant and all of whom expressed a continued faith in him.

The Court also has the benefit of a report on the defendant prepared by the Pretrial Services Office.

Pursuant to the Bail Reform Act of 1984, this Court shall detain a criminal defendant pending trial upon a determination that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." 18 U.S.C. § 3142 (e). This determination is typically predicated upon the government's ability to make a showing of "dangerousness or risk of flight," United States v. Montalvo-Murillo, 495 U.S. 711, 716-

---

[2] For purposes here, it is not necessary to explicate fully the fraud alleged by the government. In essence, the government contends that the scheme to defraud was facilitated through the incorporation of numerous companies owned or managed by Mr. Duong, which were used subsequently to attract "investors." To date, the investigation suggests that the defendant allegedly defrauded individuals for more two-hundred and twenty-five thousand dollars.

17 (1990), but because of the interference of pre-trial detention with the "importan[t] and fundamental. . .right" of liberty, United States v. Salerno, 481 U.S. 739, 750 (1987), this Court will not make such a finding lightly.

"With regard to risk of flight as a basis for detention, the government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's appearance at future court proceedings." United States v. DiGiacomo, 746 F. Supp. 1176, 1180-81 (D. Mass. 1990). The burden of persuasion remains with the government on the question of flight risk. *See* DiGiacomo, 746 F. Supp. at 1181 (D. Mass. 1990). The Court's independent analysis regarding detention is governed by the rubric set forth in 18 U.S.C. § 3142(g).

This Court first considers the nature and circumstances of the offenses. The alleged offenses are not considered to be of a violent nature, but they are nevertheless destructive. The defendant allegedly persuaded people of all ages and financial status to invest significant sums – tens and hundreds of thousands of dollars – with him. To date, they have seen no returns, and there is no evidence before the Court suggesting that those monies will ever be recouped.

The Court next considers the weight of the evidence against the defendant. As noted previously, there is probable cause to believe that the defendant has committed the offenses with which he is charged. Vargas, *supra*.

Third, the Court considers the history and characteristics of the defendant. To establish flight risk, the government focuses on the defendant's frequent trips to foreign

countries (including China, Indonesia, and Vietnam), his inability to clearly establish a place residence within the District, unverified legitimate employment history, and minimal family ties in the District.[3] The Court agrees that these factors raise a strong suggestion of flight risk. Indeed, the defense witnesses themselves stated that they traveled with the defendant, on numerous occasions, to China and Indonesia for periods of two to three weeks at a time. They further testified that while traveling with Mr. Duong, they were introduced to businessmen and government officials, indications he possesses well-established ties in those countries. The Court finds there is ample evidence (including the large sums of money transferred to the defendant) supporting the conclusion that the defendant has the means to flee if released pending trial and, given the penalties he faces if convicted here - including incarceration and deportation, the motivation to do so.

    Finally, this Court pondered the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. Although the evidence before the Court did not immediately compel a conclusion that the defendant would pose a physical risk to others if released, the Court is concerned that such a risk may be extant. Given Mr. Duong's purported ability to persuade others – and potentially, to financially destroy numerous members of the community –  if released.

---

[3] The defendant suggests that he has ties to the District by virtue of the presence of a minor child. The Court is not persuaded. He sees this child only every other week and previously was in arrearage on child support obligations; neither fact suggests a strong sense of responsibility and commitment to the child.

Against this background the Court concludes by a preponderance of the evidence that the defendant poses a serious risk of flight that could not be contained by any condition or combination of conditions.

Based on these findings and the factors outlined above, this Court ORDERS that the defendant CHUONG VAN DUONG be DETAINED pending trial.

Further, pursuant to 18 U.S.C. §3142 (i) it is ORDERED that:

1. The Defendant be, and hereby is, committed to the Custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The Defendant be afforded reasonable opportunity for private consultation with his counselor; and

3. On Order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Review of this Detention Order may be obtained by Defendant's filing of a motion for revocation or amendment of the Order pursuant to 18 U.S.C. § 3145 (b).

SO ORDERED.

| 1/15/04 | /S/ Joyce London Alexander |
|---|---|
| Date | United States Magistrate Judge |