# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 03CR10363RCL

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | ) |
| | ) |
| CHUONG VAN DUONG, | ) |
| | ) |
| Defendant | ) |

## MOTION OF DEFENDANT CHUONG VAN DUONG
## FOR REVIEW OF ORDER OF DETENTION

Now comes the Defendant, CHUONG VAN DUONG, in accordance with Title 18 USC, Section 3145(b) and moves this Court for an Order to amend the Order of Detention entered by the United States Magistrate Judge on January 15, 2004, for reason that information now exists that was not known to the Defendant at the time of the Hearing, and that such information has a material bearing on the issue whether there are now a combination of conditions of release that will reasonably assure the appearance of the Defendant as required and the safety of any other person and the community.

In support of the Motion, the Defendant says:

1. At the Detention Hearing previously held on January 8, 2004, the Defendant was unable to present a proposed Order Setting Conditions of Release, which included participation in the electronic monitoring program and the posting of real property as security for Defendant's appearance, together with Deeds (attached hereto as Exhibit 1), Mortgages (attached hereto as Exhibit 2), and Escrow Agreements (attached hereto as Exhibit 3). Accordingly, the Court was denied an opportunity to conduct an inquiry into the source and the value of the real property to be designated for potential forfeiture, or to determine the specific conditions to be imposed upon the Defendant for his participation in the electronic monitoring program.

2. The Defendant now proposes that he shall execute an agreement to forfeit on failing to appear as required, and furnish in appropriate form, the related documents concerning the following real estate as security for his appearance:

    (a) 93-99 Main Street, Somersworth, New Hampshire (Equity $95,198);
    (b) 68-70 Elm Street, Somersworth, New Hampshire (Equity $95,844);
    (c) 76-78 Elm Street, Somersworth, New Hampshire (Equity $57,000);
    (d) 80-82 Elm Street, Somersworth, New Hampshire (Equity $106,000); and
    (e) 109-111 Main Street, Somersworth, New Hampshire (Equity $120,882).

1

3. At the Detention Hearing previously held on January 8, 2004, the Defendant proffered to the Court that he is 55 years of age and has no prior criminal record; no narcotics or alcohol history; is not accused of committing a crime of violence, making threats, or using weapons; does not possess a driver's license; and that his passport has been seized by the FBI.

4. The Defendant agrees to the following conditions and limitations for a pretrial release from detention:

   a) The Defendant shall not commit any violation of federal, state, or local law while on release in this case;
   b) The Defendant shall appear at all proceedings as required and shall surrender as directed to serve any sentence imposed;
   c) The Defendant shall reside at the residence of Giang Dinh Vu, a highly respected businessman and a leader of the Vietnamese community, at 379 Ocean Road, Portsmouth, New Hampshire, 03801 (Telephone: 603-433-1941).

   Defendant shall be restricted to his residence, subject to twenty-four (24) hour electronic monitoring; Defendant shall enter into the Electronic Monitoring Conditions of the U.S. Pretrial Services Office.

   Defendant shall not leave his residence without the prior approval of the Pretrial Services Department of this Court. In accordance with procedures to be established by Pretrial Services, authorization will be given for a reasonable number of visits to the offices of Defendant's counsel and to attend medical appointments. Procedures for reporting concerning the commencement and termination of such visits and appointments shall be established by Pretrial Services.

5. The Defendant shall also abide by any other condition which Pretrial Services deems appropriate.

6. The Defendant has been advised of the penalties and sanctions relating to the violation of any of the conditions of release.

7. The Defendant shall sign a document acknowledging that he is aware of the conditions of his release; promising to obey those conditions, to appear as directed, and to surrender to serve any sentence imposed; and confirming his awareness of the penalties and sanctions for violation of the conditions of release.

8. In addition to those further conditions and limitations upon the Defendant's activities as may be ordered by the Court, together with the written acknowledgment by the Defendant of his awareness of the penalties and sanctions for violation thereof, and his affirmation to obey those conditions, there will be a combination of conditions which will reasonably assure the Defendant's appearance as required, and the safety of any other person and the community.

WHEREFORE, the Defendant respectfully requests the Court to conduct a hearing on the within Motion for Review of Order of Detention in order to conduct an inquiry into the source and the value of the real property to be designated for potential forfeiture to determine the specific conditions to be imposed upon the Defendant for his participation in the electronic monitoring program and to evaluate the factors to be considered for release as set forth in Title 18 USC, Section 3142(g) in order to reach an independent determination of the release of the Defendant.

                                                Respectfully submitted,
                                                CHUONG VAN DUONG,
                                                By his attorney,

                                                _/s/ Beryl W. Cohen_
                                                Beryl W. Cohen
                                                11 Beacon Street
                                                Boston, MA 02108
                                                617-742-3322
                                                BBO # 088620

Dated: February 2, 2004

### CERTIFICATE OF SERVICE

I, Beryl W. Cohen, hereby certify that on this 2nd day of February, 2004, I have served one copy of the foregoing motion by delivering in hand to the office of Maureen B. Hogan, Assistant United States Attorney, United States Attorney's Office, Moakley United States Courthouse, 9th Floor, 1 Courthouse Way, Boston, Massachusetts 02210.

                                                _/s/ Beryl W. Cohen_
                                                Beryl W. Cohen

Dated: February 2, 2004