UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2004 FEB 17 P 7: 48

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| CHUONG VAN DUONG | ) |
| Defendant | ) |

Case No. 03 CR 10363 RCL

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION FOR REVIEW
AND AMENDMENT OF ORDER OF DETENTION

The United States hereby opposes the Motion of Defendant Chuong Van Duong For

Review of Order of Detention in which the defendant requests the Court to amend the Order of

Detention issued by United States Magistrate Judge Alexander on January 15, 2004. This Court

should deny the defendant's motion because the conditions proposed by the defendant will not

reasonably assure the appearance of the defendant and the safety of any other person or the

community. The property offered by the defendant in his motion is not the property of the

defendant, but rather the property of victim/investors of the defendant.[1]  Such property, therefore,

will not assure the defendant's appearance and in fact, may subject such individuals to further

harm from the defendant. Additionally, the residence in which the defendant states that he will

live while electronically monitored is the residence of the same victim/investors whose property

is offered to secure the defendant's appearance. Imposing as a pre-trial condition of release that

---

[1] Additionally, although the defendant's motion states that these properties are owned by
the Giang Vu and others who have equity in these properties totaling $474,924.00, the defendant
offers no proof of ownership or proof as to the actual value or equity in these properties.

the defendant actually reside with an individual victim whom he has already defrauded risks further injury to such persons and does nothing to ensure the defendant's appearance in court.

Giang Dinh Vu is married to Them Thi Tran and lives with his wife and sons, David Vu and Minh Vu, at 379 Ocean Road, Portsmouth, New Hampshire, the property offered as a residence for the defendant while he is electronically monitored. The real properties offered as security to assure the defendant's appearance are all stated to be owned by Giang Vu, together with his wife or one of their sons.

At the detention hearing held on January 8, 2004, David Vu was called by the defendant to testify. During cross-examination, David Vu testified that he invested with the defendant money, totaling $181,335, that he received from his parents: 1) $50,000 on April 28, 2003; 2) $40,000 on August 14, 2003; $31,335.68 on October 25, 2003; and $60,00 in July 2003 for the purchase of diamonds. The bank records obtained by the government confirm that the Vu family invested these amounts with the defendant. See Affidavit of Special Agent Ann Cotellesso in Support of Pretrial Detention ("Cotellesso Affidavit"), ¶¶ 18, 20, 24, and 25. Most of the money invested by the Vu family with the defendant was withdrawn by the defendant from his bank account shortly after deposit and converted to cash. See Cotellesso Affidavit ¶¶ 18, 19, 20, 21, and 24. The withdrawal of such funds by means of multiple checks under $10,000, which were cashed, support the structuring charges against the defendant. See Cotellesso Affidavit ¶¶ 18, 19, 20, and 21; Indictment, Counts 26 through 28. The defendant has thus taken approximately $181,335 from the Vu family already. As David Vu testified, the defendant has not paid his family any of the money back, except that they did buy a diamond from him with some of the money.

2

Despite having lost such money to the defendant, the Vu family still apparently believes what the defendant has told them about his business and their investments and refuses to believe that he has defrauded them. As David Vu testified, he still trusts Duong. Giang Vu believes, probably correctly, that he stands no chance of getting their money back if the defendant remains detained. Although the government does not profess to know their actual motivation, the government suggests that the Vu family is willing to post their real property to obtain Mr. Duong's release in the hope of getting their money back from him.

Given that Mr. Duong has already taken approximately $181,335 from the Vu family, this Court should not accept the posting of their property as surety for the defendant. The defendant has no interest in these properties that he asks this court to accept as security for his release. The defendant has no familial or other close relationship with the Vu family, having met them only one year ago. His only relationship with them is that they invested a significant amount of money with him. The defendant has already shown that he does not have any respect for the money invested by the Vu family and by numerous other investor/victims, some of whom testified at the detention hearing. There is no reason to believe that the defendant will now respect the property that the Vu family wishes to post to secure his release.

Accordingly, this Court should refuse to accept the real property of the Vu family to secure the defendants release. Accepting this property as surety is not a condition that will reasonably assure the defendant's appearance. Additionally, allowing the posting of this property by the Vu family also risks their further victimization either by the defendant convincing them to give him more of their money or by the defendant's failure to appear which will cause them to lose their real property.

3

For the foregoing reasons, this Court should therefore refuse to amend the Order of Detention and the defendant should remain detained.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:

Maureen B. Hogan
Assistant U.S. Attorney

Dated: February 17, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Beryl W. Cohen, counsel of record for the defendant, by facsimile and by mail on February 17, 2004.

MAUREEN B. HOGAN
Assistant U.S. Attorney

4