UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.                      )<br>        )   Criminal No. 03-10363-RCL<br>)<br>CHUONG VAN DUONG,        )<br>)<br>        Defendant  ) | |

GOVERNMENT'S MOTION FOR HEARING ON DEFENDANT'S
<u>COMPETENCY TO STAND TRIAL</u>

Now comes the United States, by its attorneys, pursuant to 18 U.S.C. §4241, and moves for a hearing to determine the mental competency of the defendant to stand trial, and requests that the Court order a psychiatric or psychological examination of the defendant, and states:

1.   The defendant is scheduled to begin trial on January 3, 2006 on an indictment which charges him with mail fraud, money laundering and structuring currency transactions, in connection with an alleged investment scheme carried out through various corporations he organized, including Asian Golden Dragon Corporation (AGDC).

2.   The defendant was arrested on these charges on December 17, 2003 and has been detained on these charges since December 17, 2003.

3.   Prior to his arrest the defendant lived at, and operated his business out of, a store front in downtown Quincy,

MA at 1550 Hancock Street.

4.   The United States recently became aware that in September, 2005 the defendant caused a notice to be published in a Vietnamese newspaper relating to the activities of AGDC. A copy of that notice is attached as Exhibit A. The United States has caused that notice to be translated from Vietnamese to English. A copy of the English translation is attached as Exhibit B.

5.   In this notice the defendant states, on behalf of the Board of Directors of AGDC, "some bad competitors have used all kinds of trick . . . slander, distortion of the truth, all in a effort to push our AGDC to destruction and bankruptcy so that they can rob us of our progressive business plans . . . especially the project to make use of trash by recycling to provide funds to help fight poverty, disease, and natural disasters everywhere." Exhibit B, p.1.

6.   The defendant goes on to state that the AGDC Board of Directors request that the shareholders to have "your tangible and legal proofs" as to the following:

- your investments in AGDC
- documents stating your rights and responsibility in participating in BOD/AGDC
- information about your corporation
- all contracts signed directly with foreign countries and AGDC
- your membership cards of the cooperation between your charitable organization and International Recycle.

<u>Id.</u>  The defendant asks the shareholders to "send your copies

immediately to the AGDC filing committee for the purpose of adjusting the profit or loss according to the percentage of your share in cooperating in AGDC activities . . . and for confronting in court, the future damages caused by some international contracts." Id. at pp.1-2.

7.   The defendant asserts "[a]s long as AGDC is still in existence, our assets, our shares and our labor are still guaranteed." Id. at p.2.  He also asserts this public notice "has legal value . . . and is being published in the Vietnamese newspapers in Massachusetts and throughout the United States continuously for three months from 9/22/05 to 12/22/05." Id.

8.   The publication of this notice creates reasonable cause to believe the defendant may presently be suffering from a mental disease or defect, which may indicate he is incompetent to stand trial.[1]  18 U.S.C. §4241(a).

9.   There is no evidence that "competitors" had any role in the downfall of AGDC.  There is no Board of Directors of AGDC and it certainly did not approve this notice.  Nor is there any AGDC filing committee.  The address the defendant lists in the notice has been vacant for almost two years and the phone numbers listed are disconnected.  There is no way that AGDC can issue any guarantee.

---

[1] By filing this motion the United States is not asserting that the defendant is, in fact, incompetent to stand trial.  Rather, we are merely asserting there is sufficient reason for the Court to order an examination to address the issue.

10. The legal standard for competency to stand trial has two prongs: (1) the ability to understand the nature and consequences of the proceedings against the defendant; and (2) the ability to assist properly in his own defense. 18 U.S.C. §4241(a); United States v. Wiggin, ___ F.3d ___, 2005 WL 3073219 *5 (1st Cir. 2005).

11. To the extent that the defendant thinks the documents he is soliciting from the AGDC shareholders may be relevant to this pending criminal case it calls into question his understanding of the proceedings against him and his ability to assist his attorneys in preparing his defense.

12. On or about August 17, 2005 the defendant sent to the Court what purported to be a list of his witnesses for trial. A copy of that list is attached as Exhibit C. This list also creates reasonable cause to believe the defendant may not be competent to stand trial.

13. At the time this list was sent to the Court, trial was scheduled to begin on September 12, 2005, a Final Pretrial Conference was scheduled for August 22, 2005, and the defendant's counsel had visited him on August 17, 2005 at the detention facility in Plymouth, MA. On page 4 of Exhibit C, in a "P.S.," the defendant includes a note to his current lawyers about an attorney, Kim D. Vo, with whom he had dealings when he was operating AGDC. He also includes a note to Mr. & Mrs. Lisa Goku,

in which he tells them his trial is "good opportunity for me" and they "did not find me any guilty." Among the "Innocent Witnesses" listed in Exhibit C is Ms. Dottie Santomarco, a real estate broker, with whom the defendant had contact in 2002 and 2003. Attached as Exhibit D is a copy of a report of interview with Ms. Santomarco. The information she has to provide is neither relevant nor exclupatory to the pending charges. The fact that the defendant sent this document to the Court, rather than just to his attorneys, suggests he does not understand the nature of the proceedings against him.

14. Title 18, United States Code, Section 4241(b) authorizes the Court to order a psychiatric or psychological examination of the defendant to determine his competency to stand trail. The examiner shall be appointed by the Court and the examination shall be conducted in the suitable facility closest to the Court. 18 U.S.C. §4241(b). The examiner shall file a report with the Court, including findings and an opinion as to the defendant's competency to stand trial. 18 U.S.C. §4247(c).

15. The United states urges the Court to address this issue now, rather than after the jury is sworn. The United States is concerned that an issue could arise as to the defendant's competency to stand trial during trial, particularly if the defendant takes the stand to testify in his own defense. At that point, the only viable option to explore the mental competency

5

issue may be to declare a mistrial, thereby wasting the time and efforts of the Court, counsel and jurors, in what promises to be a lengthy, complex and burdensome trial.

16. The United States is attempting to gather information relating to doctors within the Bureau of Prisons, and in private practice in the Boston area, who could conduct the required examination. The United States is hopeful that this issue can be resolved prior to the scheduled start of the trial.

17. The United States has consulted with counsel for the defendant with regard to this motion. Counsel have been uncertain as to the defendant's position on this motion.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ PETER A. MULLIN
    PETER A. MULLIN
    PATRICK M. HAMILTON
    Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served upon counsel for defendant by fax and electronic filing, this 5th day of December, 2005.

/s/ PETER A. MULLIN
PETER A. MULLIN
Assistant U.S. Attorney