UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )     CRIMINAL NO. 03-10363-RCL
           v.                     )
                                  )
CHUONG VAN DUONG,                 )
            Defendant             )


NOTICE OF SPECIAL REQUESTS FOR TRIAL

Pursuant to the Court's Pre-Trial Order of August 22, 2005, the United States hereby gives notice of the following special requests for trial:

1.  The United States expects to have a substantial number of documentary exhibits at trial.  We expect to need a document camera which will project documents, once they are admitted into evidence, to the monitors in the jury box as well as the bench and counsel table.  We understand the Court's courtroom is presently being wired with monitors which are expected to be ready by the start of trial.  If the courtroom monitors are not ready, the U.S. Attorney's Office can provide one or more large monitors or screens, so that all of the jurors can see documents once they are admitted.  We would like access to the courtroom the Friday before the start of the trial to test the equipment.

2.  The defendant is a native Vietnamese speaker, as will be many of the witnesses the United States will be calling.  It will be necessary to have a Vietnamese interpreter available throughout the trial.  The United States suggests that when the

testimony is in English, the interpreter be located near the
defendant and provide the translation to Vietnamese in a quiet
tone, so as to not disturb others in the courtroom.  If the
defendant is willing, this could be done through headphones,
which the Court would need to supply.  When the witness is a
native Vietnamese speaker the United States suggests that the
interpreter be located near the witness stand.  The questioner
would propound the question in English, for all in the courtroom
to hear.  The interpreter would translate the question from
English to Vietnamese, for the benefit of both the defendant and
the witness.  The witness would respond in Vietnamese, which the
defendant will be able to hear.  The interpreter would translate
the answer to English for all the non-Vietnamese speakers in the
courtroom.  The United States suggest, if at all possible, that
there be two Vietnamese interpreters available each trial day,
and that they switch off interpreting approximately every 30-45
minutes.

    3.  The United States expects to call one witness, An
Weizhi, who is a native Chinese speaker.  Mr. An speaks Mandarin
Chinese.  When Mr. An is testifying it will be necessary to have
a Chinese interpreter in the courtroom, as well as the Vietnamese
interpreter.  The United States estimates it will not reach
Mr. An until the middle of its case and doubts the Chinese
interpreter would be needed before January 23, 2006.

    4.  The United States also expects to call one or two

witnesses, James and/or Frank Leung, each of whom is a native Chinese speaker, but who speak the Cantonese dialect.  Both witnesses have communicated well in English during interviews but we believe a translator should be available for trial.  At least one of the witnesses has told us he would prefer to have a translator at trial.  We expect either or both of these witnesses will be in the second half of the case.  We will update the Court and your Courtroom Deputy Clerk once we have a better idea as to when a Cantonese Chinese interpreter will be needed.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:

/s/ Peter A. Mullin
PETER A. MULLIN
PATRICK M. HAMILTON
Assistant U.S. Attorneys

Dated: December 16, 2005

CERTIFICATE OF SERVICE

I, Peter A. Mullin, Assistant U.S. Attorney, hereby certify that a true copy of this document was served on counsel of record for the defendant by electronic filing and facsimile transmission this 16th day of December, 2005.

/s/ Peter A. Mullin
PETER A. MULLIN
Assistant U.S. Attorney