UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | CRIMINAL NO. 03-10363-RCL |
| CHUONG VAN DUONG, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

WHEREAS, on December 5, 2005, the government filed a motion pursuant to 18 U.S.C. § 4241 for a hearing to determine the defendant's mental competency to stand trial;

WHEREAS, on December 19, 2005 and January 10, 2006, the Court held hearings on the government's motion and heard from counsel for the defendant and from the defendant himself, as well as from counsel for the government; and

WHEREAS, based on the aforesaid hearings, the Court finds there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense;

It is hereby ORDERED as follows:

An examination of the defendant to determine his mental competency to stand trial shall be conducted;

Said examination shall be conducted pursuant to 18 U.S.C. § 4247(b) and (c) by Dr. Ronald Schouten of the Massachusetts General Hospital's Law and Psychiatry Service and Dr. Tuong Van Nguyen;

Dr. Schouten and Dr. Nguyen shall be compensated at the rate of $425 and $275 per hour, respectively, based on their background and expertise, said compensation to be paid by the U.S. Department of Justice from funds appropriated for this purpose;

Counsel for the government and counsel for the defendant shall make themselves available to Drs. Schouten and Nguyen and shall provide to the doctors any information or materials reasonably requested by the doctors in connection with said examination, provided that any information or materials so provided to the doctors shall not operate as a waiver of any attorney-client or work-product privilege which might otherwise attach thereto;

The actual examination of the defendant shall take place at the Plymouth County Correctional Facility ("the PCCF") or at any other facility in which the defendant is detained;

The defendant shall cooperate in all respects with the examination, provided that any information or materials shared by the defendant with the examining physicians shall not operate as a waiver of any attorney-client or work-product privilege which might otherwise attach thereto;

The Plymouth County Sheriff, or any other person having custody of the defendant, shall facilitate the examination of the defendant by making the defendant available to Drs. Schouten and Nguyen; by making available within the PCCF a space appropriate for their interviews of the defendant; by making reasonable efforts to make available to Drs. Schouten and Nguyen the defendant's disciplinary and classification history, if requested; and by making reasonable efforts to have correctional officers or other staff members prepare written responses to questions submitted by Drs. Schouten and Nguyen concerning their interactions with the defendant, if requested; provided that nothing in this Order shall require the Plymouth County Sheriff to provide information

2

or documents if such disclosure will compromise the security of the PCCF or the safety of any persons working or detained therein;

Drs. Schouten and Nguyen shall submit to the Court, with copies to counsel for the government and for the defendant, a written report pursuant to 18 U.S.C. § 4247(c) within six (6) weeks of entering into a contract pursuant to this Order and of receiving from counsel any written materials needed by them before interviewing the defendant.

SO ORDERED this 7 day of February, 2006.

REGINALD C. LINDSAY
UNITED STATES DISTRICT JUDGE