UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )    CRIMINAL NO. 03-10363-RCL
        v.                    )
                              )
CHUONG VAN DUONG,             )
           Defendant          )


            MOTION TO TAKE VIDEOTAPE DEPOSITION OF
          UT VAN VUONG PURSUANT TO FED. R. CRIM. P. 15

   Now comes the United States, by its attorneys, pursuant to Fed. R. Crim. P. 15, and moves the Court for permission to take a videotaped deposition of Ut Van Vuong, a witness in this case, on July 7, 2006 at 10:00 AM at the United States Attorney's Office, and states:

   1.  Ut Van Vuong invested $30,000 in 1995 with the defendant, Chuong Van Duong, based on the defendant's representations that he was a successful international business man, who did business in Vietnam, and that the money would be used for a bond in connection with a fertilizer contract with the government of Vietnam.  Vuong has never received any money back from the defendant in connection with his investment.  Vuong met with the defendant numerous times, and spoke with him at least 20-30 times by phone, trying to get his money back and to learn about the status of his investment.  All he ever got from the defendant was delays and excuses.

   2.  Vuong was born in Vietnam, came to the United States in 1981 and is currently a United States citizen.  He has lived in

Worcester, MA for years and has adult children who live in Worcester, MA. In recent years Vuong has resided for 4-5 months per year in Worcester, MA and he resides in Vietnam for the remainder of the year.

3. Vuong has told the government that he is planning to leave the United States on July 13,2006 to travel to Vietnam and he is unlikely to return to the United States prior to October 30, 2006, the date of the scheduled start of the trial in this case. Vuong was in the United States last winter and was served with a subpoena for trial when the trial was scheduled to begin on January 3, 2006.

4. The United States has conferred with counsel for the defendant regarding the taking of this deposition. The defendant assents to this motion and to conducting the deposition on July 7, 2006, beginning at 10:00 AM, at the U.S. Attorney's Office and to videotaping the deposition. The United States has advised the defense counsel that it will provide counsel with any Jencks Act statements, and any exhibits which the United States plans to show Mr. Vuong during the deposition, at least a week in advance of the deposition.

5. Fed. R. Crim. P. 15(a) provides that the Court may order a pretrial deposition "because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(b)(1) provides that a party seeking to take a deposition must give every other

party reasonable written notice of the deposition date and location and the name and address of the deponent.

   6.   The decision to grant or deny a motion to take the pre-trial deposition of a witness in a criminal case is committed to the sound discretion of the district court.  <u>United States v. Mann</u>, 590 F.2d 361, 365 (1st Cir. 1978).  In the exercise of that discretion district courts look generally to whether the testimony of the witness is material and to the likelihood that the witness will be unavailable at trial.  <u>United States v. Keithan</u>, 751 F.2d 9, 12 (1st Cir. 1984); <u>United States v. McLaughlin</u>, 137 F.R.D. 198, 199 (D. Mass. 1991).  Fed. R. Crim. P. 15(a) does not require a conclusive showing of unavailability before a deposition can be taken in a criminal case.  <u>United States v. Mann</u>, 590 F.2d at 366; <u>United States v. Sines</u>, 761 F.2d 1434, 1439 (9th Cir. 1985).  Such a determination of witness unavailability is left to the court's determination at trial.  <u>Id</u>.

   7.   The use of a deposition in a criminal trial implicates concerns underlying the Sixth Amendment right of a defendant to confront the witnesses against him.  <u>United States v. McKeeve</u>, 131 F.3d 1, 8 (1st Cir. 1997).  These interests can be served by insuring the defendant's right to be present during the deposition and videotaping the testimony so that the jury may observe the witness' demeanor.  <u>Id</u>. at 9-10.  We will be able to

do both of those things in this case.

WHEREFORE, the United States requests that the Court enter the attached proposed order authorizing it to take a videotaped deposition of Ut Van Vuong pursuant to Fed. R. Crim. P. 15.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

By:
    /s/ Peter A. Mullin
    PETER A. MULLIN
    PATRICK M. HAMILTON
    Assistant U.S. Attorneys

Dated: June 23, 2006

## CERTIFICATE OF SERVICE

I, Peter A. Mullin, Assistant U.S. Attorney, hereby certify that a true copy of this document was served on counsel of record for the defendant by electronic filing this 23rd day of June, 2006.

    /s/ Peter A. Mullin
    PETER A. MULLIN
    Assistant U.S. Attorney