UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>**v.** )<br>)<br>**CHUONG VAN DUONG,** )<br>)<br>**Defendant.** ) | **CRIMINAL NO. 03-10363-RCL** |

**GOVERNMENT'S MOTION TO CONTINUE START OF TRIAL
TO JANUARY 29, 2006 AND FOR AN ORDER
OF EXCLUDABLE DELAY FOR PURPOSES OF THE SPEEDY TRIAL ACT**

Now comes the United States of America, by and through the undersigned counsel, and hereby moves to continue the trial of the above-captioned matter from October 30, 2006 to January 29, 2007 and for issuance of an order finding the period of time between October 23, 2006 and January 29, 2007 to constitute excludable delay for purposes of the Speedy Trial Act. In support of its motion, the government sets forth the following:

1. On April 20, 2006, this Court scheduled a hearing on the detention or release of the defendant, Chuong Van Duong ("Duong"), for May 8, 2006 and scheduled an estimated six-week trial of the charges against Duong to begin on October 23, 2006. The Court also issued an order of excludable delay for the period from April 20 through October 23, 2006. See docket entry for April 20, 2006.

2. On May 5, 2006, the government filed an assented-to motion to continue the trial date until October 30, 2006, which the Court granted on May 8, 2006. On that date, the Court also considered releasing Duong on conditions and scheduled a further hearing on that issue for May 11, 2006, at which time Duong was released from pre-trial detention.

3. Thereafter, the government resumed its efforts to prepare for trial and, in June, 2006, moved for and, in July, 2006, conducted the videotaped deposition of Ut Vuong, a government trial

witness who was returning to Vietnam and who did not expect to return to the United States in time for an October 30 trial.  At approximately the same time, it became apparent that Duong might be interested in entering an Alford plea to the charges pending against him (but not including the money-laundering charges which the government had already indicated it planned to dismiss).

4. Indeed, based upon the good-faith representations made by defense counsel, a change-of-plea hearing was scheduled for July 25, 2006.  However, moments before that hearing was scheduled to begin, defense counsel notified the government that Duong had decided not to offer an Alford plea and so notified the Court once the hearing began.  At that same hearing, the Court indicated that, based on the expectation that this matter would not proceed to trial after all, the Court had made some conflicting scheduling arrangements and, after some discussion with the parties, indicated that, while jury selection would still proceed on October 30, 2006, opening statements and the presentation of evidence would not begin until November 6, 2006.

5. Approximately one week later, on August 2, 2006, the government learned via electronic mail from the Court's deputy clerk that, for a variety of reasons, the Court was interested in continuing the trial date until January 29, 2006 and would let the government now once it heard back from defense counsel.

6. At that point, the government was on the verge of sending letters and trial subpoenas to its trial witnesses advising them of the October 30/November 6 trial date.  These written communications (most of which would have gone to victim-witnesses, the vast majority of whom are Vietnamese immigrants with limited English-language skills) were then going to be followed by telephone calls to schedule witness-preparation sessions (with third-party interpreters whenever necessary) and to identify any scheduling conflicts which might affect the actual sequence of

witnesses at trial. However, given the uncertainty over whether a trial would actually start on November 6, 2006 or on January 29, 2007, the government refrained from sending out any such letters or subpoenas, especially since most of the government's witnesses have, over the years, already been alerted to a succession of trial dates which proved to be false alarms.

7. Unfortunately, as of this writing, almost six weeks after the January 29 trial date was first proposed by the Court, and despite repeated inquiries made by the government as well as by the Court's deputy clerk, the government is not aware of any definitive response by the defendant to the Court's scheduling inquiry. Duong's inability, or unwillingness, to give the Court and the government a firm response to the Court's scheduling inquiry has placed the government in an impossible position and has prejudiced the government's ability to prepare adequately for an October 30/November 6 trial date.

8. While it would be timely to prepare witnesses beginning in September for a trial starting on November 6, it stands to reason that the government would not seek to prepare witnesses in September or October of 2006 for a trial beginning essentially at the beginning of February, 2007. While this is especially true of victim-witnesses who might be nervous, even fearful, about testifying in Court, especially in light of language and/or cultural barriers, it also is true of English-speaking expert witnesses who, in this case, are located out of state and, in at least one instance, overseas. All of the attendant trial preparation, scheduling and travel considerations are especially complicated. For example, one fact witness, a Chinese businessman, An Wei Zhi, lives in the People's Republic of China. The trial preparation delays occasioned first by Duong's anticipated change of plea and more recently by Duong's silence on the scheduling issue have prevented the

government from communicating responsibly with its witnesses concerning a trial date and to schedule timely preparations for a trial.

This is especially true as the calendar approaches October 2, 2006, when (as indicated at one of the hearings last Spring) Assistant U.S. Attorney Peter Mullin is scheduled to begin a two-week criminal trial which will increasingly become his top priority until its conclusion.

9. While the government's ability to prepare and present its case will be unfairly prejudiced if the trial in this matter is not continued to January 29, 2007, Duong will not be prejudiced by a less than three-month delay in the actual start of his trial from November 6, 2006 to that date.

10. The government submits that the period of time from October 23, 2006 (the end date of the last order of excludable delay issued by this Court – see para. 1, above) to January 29, 2007 constitutes excludable delay for purposes of the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(8)(A) insofar as the ends of justice served by such a delay outweigh the best interest of the public and the defendant in a speedy trial. In the first place, as noted above, Duong's failure to respond meaningfully to the Court's scheduling inquiry has put the government at an unfair disadvantage. Moreover, as the parties explored with the Court at the July 25, 2006 hearing, it will likely prove difficult to seat a jury for a six or more week trial beginning (effectively) on November 6, 2006, in light of holidays definitely or potentially affected by such a trial (Veteran's Day, Thanksgiving, Hannukah and possibly Christmas), not to mention school holidays or family vacations attendant with the end of the calendar year. While a school vacation week also falls during the time frame of a six-week trial beginning on January 29, 2007, that vacation, upon information and belief, begins with a federal holiday (Presidents' Day) and would therefore result

in a loss of just four trial days if (as the government recommends) the Court were to give the jury that week off (thereby also facilitating the jury-selection process by eliminating a predictable hardship for many potential jurors).  Finally, the government also believes the Court's proposed change in the trial date for the instant matter was prompted by the Court's interest in using the October 30/November 6, 2006 starting date for another two- or three-week criminal trial (the government does not know if any defendant is in custody or not) that could be started and completed without the scheduling and jury-selection complications raised by trying to start a six-week trial at that time.

For all the foregoing reasons, the government respectfully requests that this Honorable Court grant the government's motion by continuing the trial in this matter until January 29, 2007 and by issuing an order finding the period of time from October 23, 2006 until January 29, 2007 to constitute excludable delay for purposes of the Speedy Trial Act.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  *s/Patrick Hamilton/*
Patrick M. Hamilton
Peter A. Mullin
Assistant U.S. Attorneys
U. S. Attorney's Office
John Joseph Moakley
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3100

Date:  September 12, 2006

**CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(A)(2)**

I, Patrick M. Hamilton, do hereby certify that counsel for the government have conferred on several occasions over the past six weeks with defense counsel without success in an effort to secure

5

a meaningful response from the defendant to the scheduling issue raised by the Court and have repeatedly raised with defense counsel the increasingly untenable position in which this leaves the government. As recently as this morning, defense counsel indicated that they hope to have a firm response from the defendant later today. However, with all due respect to defense counsel, government counsel have heard similar representations over the past several weeks and do not feel that the government can continue to refrain from filing the instant motion in the hope that a real response from the defendant is "around the corner."

Date: September 12, 2006            *s/Patrick Hamilton/*
                                    Patrick M. Hamilton

### CERTIFICATE OF SERVICE

I hereby certify that this document filed via the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Date: September 12, 2006            *s/Patrick Hamilton/*
                                    PATRICK M. HAMILTON