```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

                              )
UNITED STATES OF AMERICA      )
                              )
         v.                   )     Criminal No. 03-10363-RCL
                              )
CHUONG VAN DUONG,             )
         Defendant            )
                              )
```

**GOVERNMENT'S MOTION *IN LIMINE*
<u>FOR ADMISSION AT TRIAL OF VIDEOTAPED DEPOSITION</u>**

The United States of America, with the oral assent of counsel for defendant Chuong Van Duong, moves this Court for an Order that the videotaped deposition of Ut Van Vuong may be played at trial in lieu of his live testimony.

In support of its submission and motion, the Government states the following:

1. On June 23, 2006, the Government filed a Motion To Take Videotape Deposition of Ut Van Vuong Pursuant to Fed. R. Crim. P. 15.  Dkt. #68.  Authority for taking the deposition was sought because Mr. Vuong was scheduled to be in his native Vietnam in the fall of 2006, when the trial was then scheduled to take place.  The defendant assented to the Government's motion.  Dkt. #68, ¶4.

2. On June 29, 2006, this Court allowed the Government's motion by electronic Order.  Dkt. 6/29/06.  Mr. Vuong's deposition was taken on July 7, 2006, with the

1

      defendant and defense counsel present. The deposition was preserved on videotape and transcribed. During the deposition, no objections were made by counsel for either party.

3. Because the trial date was continued to January 29, 2007, the government attempted to contact Mr. Vuong to determine whether he had returned to the United States and would be available to testify in person at trial. On January 10, 2006, a Special Agent with the Federal Bureau of Investigation spoke by telephone with Steven Vuong, Ut Van Vuong's son, who is in the United States. Steven Vuong advised the FBI agent that his father remains in Vietnam and does not plan to return until the summer of 2007. He stated that his father has a wife and two children in Vietnam and that he runs a small business there. He further advised that it would be a great personal and business hardship for Mr. Vuong to travel from Vietnam to Boston to repeat his brief testimony.

4. The government has conferred with counsel for the defendant, who indicated his assent to playing the videotape of Mr. Vuong's deposition at trial in lieu of his personal appearance.

Rule 804(b)(1), Federal Rules of Evidence, provides that deposition testimony of an unavailable witness taken in compliance with law is not excluded by the hearsay rule if the party against whom it is offered "had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination."  FRE 804(a)(5) defines a witness as "unavailable" when the declarant-

> (5) is absent from the hearing and the proponent
> of a statement has been unable to procure the
> declarant's attendance . . . by process or other
> reasonable means.

The Government must make a "good faith effort to obtain the presence of witnesses at trial."  Barber v. Page, 390 U.S. 719, 724-25 (1968).  "The lengths to which the prosecution must go to produce a witness . . . is a question of reasonableness."  Ohio v. Roberts, 448 U.S. 56, 74 (1980)(quoting California v. Green, 399 U.S. 149, 189 n.22 (1970)(Harlan, J. Concurring)(internal quotation marks omitted)).  The Government need only take reasonable steps and need not perform further "futile acts."  Roberts, 448 U.S. at 74.

Here, Mr. Vuong's deposition was taken, with the defendant's assent, because Mr. Vuong was scheduled to be in Vietnam during the trial.  Mr. Vuong remains in Vietnam and will not be returning until long after the trial is concluded.  The videotape of Mr. Vuong's deposition runs for approximately 1 ½ hours.  Mr. Vuong, through his son, has indicated that it would be a great

hardship for him to travel back to Boston from Vietnam to repeat that brief testimony.  Moreover, the defendant, through his counsel, has assented orally to playing Mr. Vuong's videotaped deposition in lieu of personal appearance.

For all the above reasons, the Government moves for a ruling by the Court in advance of trial that the videotaped deposition of Mr. Vuong may be played for the jury at trial in lieu of his live testimony.

Respectfully submitted this 16th day of January, 2007.

>MICHAEL J. SULLIVAN
>UNITED STATES ATTORNEY
>
>/s/ Patrick M. Hamilton
>PATRICK M. HAMILTON
>MARK J. BALTHAZARD
>Assistant U.S. Attorneys

### Certificate of Service

I hereby certify that on January 16, 2007, this Notice of Appeal filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

>/s/ Mark J. Balthazard
>MARK J. BALTHAZARD
>Assistant U.S. Attorney