UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA**    ) | |
| ) | |
| v.                              ) | |
| )  | **CRIMINAL NO. 03-10363-RCL** |
| **CHUONG VAN DUONG,**           ) | |
| ) | |
| **Defendant.**                  ) | |

**GOVERNMENT'S MOTION *IN LIMINE* TO
ADMIT INTO EVIDENCE AS EXHIBITS AND
TO ALLOW JURY TO REVIEW DURING DELIBERATIONS
TRANSLATED TRANSCRIPTS OF CONSENSUALLY RECORDED
CONVERSATIONS CONDUCTED IN VIETNAMESE**

Now comes the United States of America, by and through the undersigned counsel, and hereby files the "Government's Motion *In Limine* to Admit into Evidence as Exhibits and to Allow Jury to Review During Deliberations Translated Transcripts of Consensually Recorded Conversations Conducted in Vietnamese." In support of its motion, the government sets forth the following:

Several individuals who invested money with defendant Chuong Van Duong ("Duong") consensually recorded their personal or telephone conversations with Duong at the request and with the assistance of the Federal Bureau of Investigation ("the FBI"). Peter Karl, a representative of State Street Bank did likewise, as did FBI Special Agent Kevin Swindon, when he was posing as another State Street Bank representative. The recorded conversations between Duong and his victims were conducted entirely in Vietnamese, except for occasional words spoken here and there in English. Peter Karl and/or S/A Swindon spoke in English, but Duong answered almost exclusively in Vietnamese, aided by his attorney and associate, Kim Vo, who is bilingual.

The government proposes to introduce as exhibits and as substantive evidence the tranlsated transcripts of the consensually recorded conversations between Duong and his victims since the

recordings themselves will be of no use whatsoever to the jury since, for all intents and purposes, the recordings contain no English. In the case of the consensually recorded conversations between Peter Karl and/or S/A Swindon, on the one hand, and Duong, on the other hand, the government proposes to introduce as exhibits and as substantive both the recordings themselves[1] (since the conversations were conducted at least partially in English) and the translated transcripts of those recordings. As of this writing, Duong has indicated through counsel that he will stipulate to the accuracy of the transcriptions in question.[2]

As the First Circuit held in United States v. Font-Ramirez, 944 F.2d 42, 49 (1st Cir. 1991), with respect to recordings made of conversations conducted in a foreign language:

> It is permissible to allow an English language jury to evaluate evidence of a tape recorded conversation in Spanish solely through use of a properly authenticated English language transcript. In United States v. Rengifo, 789 F.2d 975, 983 (1st Cir. 1986), this Court held that a district court did not abuse its discretion by permitting the government to present taped Spanish conversations through the use of readers who read English translation transcripts into evidence. This procedure was acceptable in view of the fact that the Rengifo jury was comprised entirely of jurors who understood no Spanish. See also United States v. Cruz, 765 F.2d 1020, 1024 (11th Cir. 1985) (permitting an English language jury to consider translated transcripts as substantive evidence).

Accordingly, the government moves that this Court exercise its discretion not only to allow the government to submit to the jury in this matter translated transcripts as indicated above, but also to allow the jury to refer to said translations during the course of its jury deliberations, since the tape

---

[1] The government proposes to offer into evidence discs containing digitized copies of the recordings originally made on cassette tapes since the digitized format will facilitate anyone's effort to move from one part of the recording to another.

[2] In so stipulating, the defendant has indicated through counsel that he wishes to see if he can determine whether or not there were any portions of the conversations in question which either were not transcribed and translated or were not recorded at all.

recordings of the Vietnamese conversations will be of little or no use to the jurors (barring the unlikely eventuality of a bilingual juror who speaks both Vietnamese and English, which would raise a different and potentially more nettlesome problem insofar as it likely would have the effect of allowing one juror to have undue influence during jury deliberations).

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  *s/Patrick M. Hamilton/*
    MARK J. BALTHAZARD
    PATRICK M. HAMILTON
    Assistant U.S. Attorneys
    U. S. Attorney's Office
    John Joseph Moakley
     United States Courthouse
    1 Courthouse Way, Suite 9200
    Boston, MA  02210

Date: January 16, 2007    (617)748-3100

## CERTIFICATE OF SERVICE

I, Patrick Hamilton, do hereby certify that a copy of the foregoing was served this date on counsel of record for the defendant via electronic filing.

Date: January 16, 2007    *s/Patrick Hamilton/*
    Patrick M. Hamilton