UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 03-10363-RCL |
| CHUONG VAN DUONG, ) | |
| ) | |
| Defendant. ) | |

GOVERNMENT'S MOTION *IN LIMINE* TO
ADMIT INTO EVIDENCE AGAINST THE DEFENDANT
PURSUANT TO F.R.EVID. 801(d)(2) STATEMENTS MADE
BY THE DEFENDNANT'S AGENTS

Now comes the United States of America, by and through the undersigned counsel, and hereby files the "Government's Motion *In Limine* to Admit into Evidence Against the Defendant Pursuant to F.R.Evid. 801(d)(2) Statements Made by the Defendant's Agents." In support of its motion, the government sets forth the following:

At the upcoming trial in the above-captioned matter, the government anticipates that several of the victims of the fraud scheme perpetrated by the defendant, Chuong Van Duong ("Duong"), will testify about profits promised or predicted by the defendant's associates, John Chang ("Chang") and/or Katherine Nguyen ("Katherine"), which were consistent with the representations made to these victims by Duong himself. These statements are admissible against Duong himself either pursuant to F.R.Evid. 801(d)(2)(C) because they constitute "statement[s] by a person authorized by the [defendant] to make a statement concerning the subject," or pursuant to F.R.Evid. 801(d)(2)(D) as "statement[s] by the [defendant's] agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship . . . ."

A number of Duong's victims will testify that they frequently saw Chang working at Duong's place of business; that Duong introduced and/or described Chang as his associate or assistant in

conversations with victims or potential investors (including in consensual recordings when Duong referred to Chang as representing Duong in the sale of one or more "garment centers" in Germany or to German business interests); that, when necessary, Chang served as a Chinese-language interpreter for Duong in the course of Duong's business activities; that Chang typed or processed contracts and other documents on Duong's instructions; that Chang accompanied Duong and others on business trips overseas; and that Chang otherwise operated at Duong's direction – in short, that Chang operated as Duong's "right-hand man."  A number of Duong's victims will testify that, at least between sometime in 1998 and approximately October of 2000, Duong's place of business was located in the jewelry store operated by Katherine; that Katherine was present during many meetings victims had with Duong concerning their investments and/or the documents relating to their investments; that Katherine traveled with Duong and others on business trips overseas; and that it was Katherine who first encouraged them to invest money with Duong.  The government also will offer consensual recordings in which Duong tells investors that Katherine (with whom Duong had a serious falling out on or about October 23, 2000) had been appointed by him as an officer of Asia Golden Dragon Corporation (the parent company through which Duong carried out most of his business and in whose transactions Duong told his victims they were investing); that she (and her husband) had recruited investors for his business; and that he had paid her (and her husband) a commission for each actual investor.[1]

---

[1] The government is not aware of any investors who were solicited by Katherine's husband, Nhut Cao, and does not believe that Duong compensated Katherine in any way for her success in getting people to invest in his business activities.  Nevertheless, these representations by Duong are offered here (and would be offered at trial) not so much for the truth of the matter asserted therein but as evidence of Duong's intent or state of mind with respect to the agency relationship between him and Katherine during the 1998-2000 time frame.

Accordingly, the statements made by Chang (throughout his association with Duong) and/or Katherine (during the 1998-2000 time frame) to investors or potential investors are admissible against Duong as made by Duong's agents.  See United States v. Agne, 214 F.3d 47, 55 (1st Cir. 2000)("An agency relationship between an employee declarant and a defendant employer may be established by a variety of evidence, such as evidence that the declarant is directly responsible to the defendant . . . ; that the declarant reports directly to the defendant who owns an overwhelming majority of stock in the company . . .; that the declarant was hired by the defendant and worked on matters in which the defendant was actively involved . . . ; or that the defendant 'directed [the declarant's] work on a continuing basis,' . . .")(citations omitted); Nekolny v. Painter, 653 F.2d 1164, 1171-1172 (7th Cir. 1981), cert. den. 455 U.S. 1021 (1982) (statements to plaintiffs ruled admissible against defendant when made by person whom defendant had identified as her "liaison" and "adviser" to the agency by which the plaintiffs were employed).

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:    *s/Patrick M. Hamilton/*
        MARK J. BALTHAZARD
        PATRICK M. HAMILTON
        Assistant U.S. Attorneys
        U. S. Attorney's Office
        John Joseph Moakley
         United States Courthouse
        1 Courthouse Way, Suite 9200
        Boston, MA  02210

Date: January 16, 2007        (617)748-3100

**CERTIFICATE OF SERVICE**

I, Patrick Hamilton, do hereby certify that a copy of the foregoing was served this date on counsel of record for the defendant via electronic filing.

Date: January 16, 2007            ___*s/Patrick Hamilton/*___
                                                             Patrick M. Hamilton