UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA**  )<br>)<br>       v.                                               )<br>                                                         )     **CRIMINAL NO. 03-10363-RCL**<br>**CHUONG VAN DUONG,**            )<br>                                                         )<br>       **Defendant.**                            ) | |

**GOVERNMENT'S REVISED REQUEST**
**FOR SPECIAL TRIAL ARRANGEMENTS**

Now comes the United States of America, by and through the undersigned counsel, and, pursuant to the Court's January 19, 2005 Pretrial Order (as orally amended as the trial date was continued), hereby submits the "Government's Revised Request for Special Trial Arrangements." This revised request supersedes and updates the request filed by the government on December 16, 2005 (Docket entry 57).

1.      The United States expects to offer a substantial number of documentary exhibits at trial. The government understands that the courtroom is now equipped with a document camera which allows the projection of the image of an exhibit to monitors in the jury box once an exhibit is admitted into evidence.

2.      The government also understands that the courtroom is now equipped with a cassette tape player and a DVD/CD player. The government expects to offer into evidence, and perhaps to play, consensually recorded conversations between the defendant, Chuong Van Duong ("Duong"), and Peter Karl of State Street Bank and/or FBI Special Agent Kevin Swindon, who was then posing as another State Street Bank representative. The government anticipates using discs containing digitized copies of the original recordings made on cassette tapes, on the theory that it is easier to "navigate" to a particular portion of a digitized recording than to a cassette recording, <u>provided</u> the

CD player employed to play the discs is equipped with some form of counter. While the courtroom's cassette tape player is equipped with a counter, the DVD/CD player appears not to be equipped with one. Accordingly, the government proposes bringing into the courtroom a CD player (a/k/a a "boombox") which can be readily connected to the courtroom's audio-video control system via an audio jack extruding from the monitor at counsel table closest to the courtroom's audio-video cart. Subject to the admission of the disc, of course, this would allow counsel for either party to move more readily between different portions of the audio recording.

       3.      The defendant is a native Vietnamese speaker, as are many of the witnesses the government expects to call as witnesses. It will be necessary to have a Vietnamese interpreter available throughout the trial. The United States suggests that when the testimony is in English, the interpreter be located near the defendant and translate the proceedings into Vietnamese in a quiet tone to the defendant, so as not to interfere with the courtroom reporter's ability to transcribe the proceedings conducted in English or other persons' ability to hear the proceedings in English. If the defendant is willing, this could be done through headphones, which the government understands the Court has available to it. When the witness is a native Vietnamese speaker, the government suggests that the interpreter be located in or near the witness stand. The questioner would propound the question in English, for all in the courtroom to hear. The interterpreter then would translate the question out loud from English to Vietnamese, for the benefit of both the defendant and the witness. The witness would respond in Vietnamese, which the defendant will be able to hear. The interpreter then would translate the answer out loud to English for all the non-Vietnamese speakers in the courtroom. If at all possible, the government recommends that there be two Vietnamese interpreters in the courtroom at all times so that they can take turns interpreting every 20-30 minutes or so.

4.     The United States expects to call one or two witnesses, Frank and/or James Leung, both of whom are natives of China and speak the Cantonese dialect. While both witnesses have communicated satisfactorily in English during interviews, the government believes it would be prudent for them to have a Cantonese-speaking interpreter available for trial, and at least one of these witnesses has indicated to the government his preference to have a translator at trial. The government anticipates that either witness would be called to testify in the second half of the government's case in chief. As the trial progresses, the government will update the Court and its courtroom clerk once the government has a better idea when a Cantonese interpreter is likely to be needed.

The government respectfully reserves the right to supplement this request if and when it becomes aware of other special arrangements which will be needed at the upcoming trial.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

                          By:   *s/Patrick M. Hamilton/*
                                      MARK J. BALTHAZARD
                                      PATRICK M. HAMILTON
                                      Assistant U.S. Attorneys
                                      U. S. Attorney's Office
                                      John Joseph Moakley
                                       United States Courthouse
                                      1 Courthouse Way, Suite 9200
                                      Boston, MA  02210
Date: January 16, 2007              (617)748-3100

**CERTIFICATE OF SERVICE**

I, Patrick Hamilton, do hereby certify that a copy of the foregoing was served this date on

counsel of record for the defendant via electronic filing.

Date: January 16, 2007                                               *s/Patrick Hamilton/*
                                                                    Patrick M. Hamilton