UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )    CRIMINAL NO. 03-10363-RCL
          v.                )
                            )
CHUONG VAN DUONG,           )
          Defendant         )

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States hereby requests, pursuant to Fed. R. Crim. P. 30, that the Court instruct the jury in this case in accordance with the attached proposed instructions.

The United States reserves the right to supplement, modify or withdraw any of these requests for instruction, in light of the evidence presented in the case, the arguments made by counsel and the requests for instruction, if any, filed by the defendant.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Patrick M. Hamilton
PATRICK M. HAMILTON
MARK J. BALTHAZARD
Assistant U.S. Attorneys

Dated: January 16, 2007

TABLE OF CONTENTS

| Instruction No. | Description | Page |
|---|---|---|
| 1 | Role of the Court | 4 |
| 2 | The Government As A Party | 5 |
| 3 | Each Count Separate Offense | 6 |
| 4 | Reasonable Doubt | 7 |
| 5 | Direct and Circumstantial Evidence | 9 |
| 6 | Inference | 11 |
| 7 | Evidence to be Viewed as a Whole | 12 |
| 8 | Stipulations | 13 |
| 9 | Consensual Recordings | 14 |
| 10 | Charts and Summaries | 16 |
| 11 | Variance - Dates | 17 |
| 12 | Witness Credibility | 18 |
| 13 | Elements of Mail Fraud | 21 |
| 14 | Existence of Scheme to Defraud | 23 |
| 15 | Materiality | 26 |
| 16 | Intent | 28 |
| 17 | Method of Proving Intent | 29 |
| 18 | Use of the Mail | 30 |
| 19 | Good Faith | 32 |
| 20 | Structuring a Currency Transaction | 34 |
| 21 | Elements of the Offense | 35 |

2

22          Knowledge of Reporting Requirement        36

23          Structuring Transactions                  38

24          Intent to Evade Reporting Requirement     39

25          While Violating Another Law               40

26          Punishment                                41

27          Submitting the Indictment                 42

INSTRUCTION NO. 1
<u>Role of the Court</u>

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be - or ought to be - it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

1  L. Sand et al, <u>Modern Federal Jury Instructions - Criminal</u>, (2006), ¶2.01, p. 2-4, Instruction No. 2-2 (hereinafter ____ <u>Mod</u>. <u>Fed</u>. <u>Jury Instructions</u>, ¶ __, Instruction No. __, p. __); <u>Sparf v. United States</u>, 156 U.S. 51 (1895).

INSTRUCTION NO. 2
The Government As A Party

    You are to perform the duty of finding the facts without bias or prejudice as to any party.  You are to perform your final duty in an attitude of complete fairness and impartiality.

    The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with a serious crime.

    The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation.  By the same token, it is entitled to no less consideration.  All parties, whether government or individuals, stand as equals at the bar of justice.

---

1  Mod. Fed. Jury Instructions, ¶2.01, Instruction No. 2-5, p. 2-15.

INSTRUCTION NO. 3
<u>Each Count Separate Offense</u>

The Indictment contains a total of 19 counts.  Each count charges the defendant with a separate crime.  You must consider each count separately and return a separate verdict of guilty or not guilty for each.  Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

1 <u>Mod</u>. <u>Fed</u>. <u>Jury Instructions</u>, ¶3.01, Instruction No. 3-6, p. 3-12.

INSTRUCTION NO. 4
Reasonable Doubt

I have said that the government must prove the defendant guilty beyond a reasonable doubt.  The question naturally is what is a reasonable doubt?  The words almost define themselves.  It is a doubt based upon reason and common sense.  It is a doubt that a reasonable person has after carefully weighing all of the evidence.  It is a doubt which would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs.  A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.  And it is not sympathy.

In a criminal case, the burden is at all times upon the government to prove quilt beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never shifts to the defendant, which means that it is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

If, after fair and impartial consideration of all of the evidence you have a reasonable doubt, it is your duty to acquit the

7

defendant.    On  the  other  hand,  if  after  fair  and  impartial

consideration  of  all  the  evidence  you  are  satisfied  of  the

defendant's  guilt  beyond  a  reasonable  doubt,  you  should  vote  to

convict.

1 <u>Mod</u>. <u>Fed</u>. <u>Jury</u> <u>Instructions</u>, ¶4.01, Instruction No. 4-2, p. 4-8.

INSTRUCTION NO. 5
Direct and Circumstantial Evidence

There are two types of evidence which you may properly use in deciding whether a defendant is guilty or not guilty.

One type of evidence is called direct evidence. Direct evidence is where a witness testifies to what he saw, heard or observed. In other words, when a witness testifies about what is known to him of his own knowledge by virtue of his own senses - what he sees, feels, touches or hears - that is called direct evidence.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume you were in the courtroom all morning and could not look outside.

As you were sitting here, someone walked in with an umbrella which was dripping wet. Somebody else then walked in with a raincoat which also was dripping wet.

Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

9

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt from all of the evidence in the case.

1 <u>Mod</u>. <u>Fed</u>. <u>Jury</u> <u>Instructions</u>, ¶5.01, Instruction No. 5-2, p. 5-6.

INSTRUCTION NO. 6
Inference


You are to base your verdict only on the evidence received in

the case.  In your consideration of the evidence received, however,

you are not limited to the bald statements of the witnesses or the

bald assertions in the exhibits.  In other words, you are not

limited solely to what you see and hear as the witnesses testify or

as to the exhibits admitted.  You are permitted to draw from facts

which you find have been proved, such reasonable inferences as you

feel are justified in the light of your experience and common

sense.


1A, K. O'Malley et al., Federal Jury Practice and Instructions,
§12.03. p. 132 (5th Edition 2000) (hereinafter Federal Jury Practice
and Instructions, §__, p. __); see also, Pattern Criminal Jury
Instructions for the District Courts of the First Circuit, Judge
Brock Hornby's 2005 Revisions, Instruction No. 3.04, p. 52
(hereinafter 2005 First Circuit Pattern Criminal Jury Instructions,
Instruction No. __, p. __.)

INSTRUCTION NO. 7
<u>Evidence to be Viewed as a Whole</u>

Your verdict must be based on your view of the evidence as a whole.

The jury should not take the testimony of a witness, piece by piece, and reject those portions which, standing alone, may not appear to be true beyond a reasonable doubt. Rather, the jury should consider the testimony of a witness in light of all the other evidence in the case.

<u>United States v. Patten</u>, 226 U.S. 525, 544 (1913); <u>American Tobacco Co. V. United States</u>, 147 F.2d 93, 106-07 (6th Cir. 1944), <u>aff'd</u> 328 U.S. 781, 809 (1946)

INSTRUCTION NO. 8
<u>Stipulations</u>

The government and the defendant have entered into certain stipulations in connection with this case.  A stipulation is an agreement between the parties that a certain fact is true.  You should regard such agreed facts as true.

<hr>

1 <u>Mod</u>. <u>Fed</u>. <u>Jury</u> <u>Instructions</u>, ¶5.02, Instruction No. 5-6, p. 5-17.

INSTRUCTION NO. 9
Consensual Recordings


The government has offered evidence in the form of tape recordings of conversations with defendant. These recordings were made without the knowledge of the defendant, but with the consent and agreement of one of the other parties to the conversations.

The use of this procedure to gather evidence is perfectly lawful, and the government is entitled to use the tape recordings in this case.

1 Mod. Fed. Jury Instructions, ¶5.04, Instruction No. 5-10, p. 5-32.

14

INSTRUCTION NO. 10
Charts and Summaries


The government has presented exhibits in form of charts and summaries. In some instances I admitted these charts and summaries in place of the underlying documents on which they were based. In other instances, the chart or summary contains information taken from documents which were admitted into evidence. You should consider these charts and summaries as you would any other evidence.


1. Mod. Fed. Jury Instructions, ¶5.05, Instruction No. 5-12, p. 5-35.

INSTRUCTION NO. 11
Variance - Dates

The indictment alleges that certain acts occurred on or about certain dates.  For example, it alleges that certain mailings were made on certain dates.

It does not matter if the Indictment charges that a specific act occurred on or about a certain date and the evidence indicates that, in fact, it was on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the date established by the testimony or exhibits.

1  Mod. Fed. Jury Instructions, ¶3.01, Instruction No. 3-12, p. 3-26; United States v. Morris, 700 F.2d 427 (1st Cir. 1983).

16

INSTRUCTION NO. 12
Witness Credibility

You have had an opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues under the counts of the indictment, in the face of the very different pictures painted by the government and the defense which cannot be reconciled.  You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed.  In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness' testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you.  Was the witness candid, frank and forthright?  Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness

17

consistent in his testimony or did he contradict himself?  Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness' bias.  Does the witness have a relationship with the government or the defendant which may affect how he or she testified?  Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth; or, does the witness have some bias, prejudice or hostility that may have caused the witness - consciously or not - to give you something other than a completely accurate  account of the facts he testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the witness' ability to express himself or herself.  Ask yourselves whether the witness' recollection of the facts stand up in light of all other evidence.

In other words, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful,

straightforward and accurate in his or her recollection.    In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.

1 <u>Mod</u>. <u>Fed</u>. <u>Jury</u> <u>Instructions</u>, ¶7.01, Instruction No. 7-1, pp. 7-3 to 7-4.

INSTRUCTION NO. 13
Elements of Mail Fraud

Counts One through Fourteen of the Indictment charge the defendant with mail fraud in violation of Title 18, United States Code, Section 1341. It is alleged that on or about various dates the defendant, having devised and intending to devise a scheme to defraud the various investors in his business ventures, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, did place in the post office and authorized depository for mail, matters and things to be sent and delivered by the Postal Service, and did cause to be deposited in the Postal Service such matters and things, for the purpose of executing such scheme to defraud.

For you to find the defendant guilty of mail fraud, you must be convinced that the government has proven each of the following four elements beyond a reasonable doubt:

First, that there was a scheme to defraud or to obtain money or property by false and fraudulent pretenses, representations, or promises, as alleged in the Indictment;

Second, the use of false statements, assertions, half truths or knowing concealments, concerning material facts or matters;

Third, that the defendant knowingly and willfully participated in the scheme to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

20

Fourth, that for the purpose of executing such scheme to defraud, the defendant used or caused the use of the United States mails, as specified in the Indictment.

18 U.S.C. §1341; <u>United States v. Blastos</u>, 258 F.3d 25, 27-29 (1st Cir. 2001); <u>Neder v. United States</u>, 527 U.S. 1, 23 (1999); 2 Mod. Fed. Jury Instructions, ¶44.01, Instruction No. 44-3, p. 44-4 and p. 44-6; 2005 <u>First Circuit Pattern Criminal Jury Instructions</u>, Instruction No. 4.18.1341, pp. 117-20, and Comment 6; 2A K. O'Malley <u>et al</u>., <u>Federal Jury Practice and Instructions</u>, §47.03. p. 314-15. This proposed instruction adopts a four-element formulation of the essential elements of mail fraud, based on <u>Neder</u> and <u>Blastos</u>, thus making materiality a separate element of the offense.

INSTRUCTION NO. 14
<u>Existence of Scheme to Defraud</u>

The first element that the government must prove beyond a reasonable doubt is that there was a scheme to defraud the investors, of money and property, by means of false or fraudulent pretenses, representations or promises.

This first element is almost self-explanatory.

A "scheme" is merely a plan for the accomplishment of an object.

A scheme to defraud is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations or promises.

***If the defendant intended to devise a scheme to defraud, it makes no difference whether the person or persons that the defendant intended to defraud were gullible or skeptical, dull or bright. The mail fraud statute protects the naive as well as the worldly-wise.***

"Fraud" is a general term which embraces all the various means by which human ingenuity can devise and which are resorted to by an individual to gain an advantage over another by false representations, suggestions or suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception or

22

swindle.

The scheme to defraud is alleged to have been carried out by making false and fraudulent statements, representations and promises, orally and in documents.

A statement, representation, promise or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.

A representation or statement is fraudulent if it was falsely made with the intention to deceive.

Deceitful statements of half truths or the concealment of material facts, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute.

The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished is immaterial.

In addition to proving that a statement was false or fraudulent in order to establish a scheme to defraud, the government must prove that the alleged scheme contemplated depriving another of money or property.

However, the government is not required to prove that the defendant himself originated the scheme to defraud. Furthermore,

it is not necessary that the government prove that the defendant actually realized any gain from the scheme or that the intended victim actually suffered any loss.  In this case, it so happens that the government does contend that the proof establishes that persons were defrauded and that the defendant profited.  Although whether or not the scheme actually succeeded is really not the question, you may consider whether it succeeded in determining whether the scheme existed.

A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

If you find that the government has sustained its burden of proof that a scheme to defraud, as charged, did exist, you next should consider the second element.

---

Mod. Fed. Jury Instructions, ¶44.01, Instruction No. 44-4, pp. 44-10 to 44-11; United States v. Colon-Munoz, 192 F.3d 210, 221 (1st Cir. 1999), cert. denied, 529 U.S. 1055 (2000).  The proposed instruction deletes from paragraph 4 of the form instruction the words "reasonably calculated to deceive persons of average prudence" and thereafter inserts the new paragraph in bold.  This new paragraph is based on United States v. Brien, 617 F.2d 299, 311 (1st Cir. 1980) (approving the instruction "section 1341 protects the naive as well as the worldly-wise," stating "it makes no difference whether the persons the schemers intended to defraud are gullible or skeptical, dull or bright"); United States v. Faulhaber, 929 F.2d 16, 18 (1st Cir. 1991); United States v. Falkowitz, 214 F. Supp. 2d 365, 375-83 (S.D.N.Y. 2002).

INSTRUCTION NO. 15
Materiality

The second element that the government must prove beyond a reasonable doubt is that any false or fraudulent pretense, representation or promise which you find must relate to a material fact or matter. A material fact is one that has a natural tendency to influence or is capable of influencing the decision-maker to whom it was addressed.

To be material, it is not necessary that the statement, representation or concealment, in fact, influence or deceive. The government is not required to prove that anyone actually relied upon any particular false statement or representation or concealment, so long as it proves beyond reasonable doubt that false statements were made that concerned matters that a reasonable person might have considered important. If a decision was actually influenced or altered, it is probative of materiality.

The pretense, representations and promises which the government charges were made as part of the scheme to defraud are set forth in paragraphs 11 to 32 of the Indictment. It is not required that every misrepresentation charged in the Indictment be proved. It is sufficient if the prosecution proves beyond a reasonable doubt that one or more of the alleged material

25

misrepresentations were made in furtherance of the alleged scheme to defraud.

2005 <u>First Circuit Pattern Criminal Jury Instruction</u>, Instruction No. 4.18.1341, p.116; 2 <u>Mod</u>. <u>Fed</u>. <u>Jury Instructions</u>, ¶44.01, Instruction No. 44-4, p. 44-11; <u>Neder v. United States</u> 527 U.S. 1, 24-25 (1999); <u>United States v. Kenrick</u>, 221 F.3d 19, 32n.16 (1st Cir. 2000) (En banc); <u>United States v. Colon-Munoz</u>, 192 F.3d 210, 222 (1st Cir. 1999), <u>cert</u>. <u>denied</u>, 529 U.S. 1055 (2000); <u>United States v. Callipari</u>, 368 F.3d 22, 34 (1st Cir. 2004) (" A jury need not believe that the defendant did everything the indictment charges").

INSTRUCTION NO. 16
Intent

The third element that the government must establish beyond a reasonable doubt is that the defendant participated in the scheme to defraud knowingly, willfully, and with intent to defraud. The following definitions will aid you in understanding this element.

An act is done "knowingly" if it is done consciously and with awareness of the action, realizing it was being done and was not done because of ignorance, mistake, or accident.

An act is "willful" if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or with specific intent to fail to do something the law requires to be done; that is to say, with bad purpose, either to disobey or to disregard the law.

To act with "intent to defraud" means to act willfully and with the specific intent to deceive or cheat for the purpose of either causing some financial loss to another or bringing about some financial gain to oneself.

2005 First Circuit Pattern Criminal Jury Instructions, Instruction No. 4.18.1341, pp. 117-18; United States v. Kenrick, 221 F.3d 19, 26-27 (1st Cir. 2000); 2A K. O'Malley et al., Mod. Fed. Jury Practice and Instructions, §47.14, p. 412.

INSTRUCTION NO. 17
<u>Method of Proving Intent</u>

Intent and knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind.  In determining what the defendant knew or intended at a particular time, you may consider any statements made or acts done or omitted by him and all other facts and circumstances received in evidence that may aid in your determination of his knowledge or intent.  You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

2005 <u>First</u> <u>Circuit</u> <u>Criminal</u> <u>Pattern</u> <u>Jury</u> <u>Instruction</u>s, Instruction No. 4.18.1341, p. 118.

INSTRUCTION NO. 18
Use of the Mail

The fourth and final element that the government must establish beyond a reasonable doubt is the use of the mails in furtherance of the scheme to defraud.

The mailed matter need not contain a fraudulent representation or purpose or request for money. It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary for the defendant to be directly or personally involved in the mailing, as long as the mailing was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the mailing by others. This does not mean that the defendant must specifically have authorized others to do the mailing. When one does an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use of the mails can reasonably be foreseen, even though not actually intended, then he causes the mails to be used.

With respect to the use of the mails, the government must establish beyond a reasonable doubt the particular mailing charged in the indictment. However, the government does not have to prove that the mailings were made on the exact date charged in the

29

indictment.  It is sufficient if the evidence establishes beyond a reasonable doubt that the mailing was made on a date substantially similar to the date charged in the indictment.

---

2  Mod. Fed. Jury Instructions, ¶44.01, Instruction No. 44-6, pp. 44-38; United States v. Pimental, 380 F.3d 575, 584-90 (1st Cir. 2006); United States v. Pocaro, 789 F.2d 73, 74 (1st Cir. 1986); United States v. Toney, 598 F.2d 1349, 1352-54 (5th Cir. 1979).

INSTRUCTION NO. 19
Good Faith

Good faith is a complete defense to the charges of mail fraud contained in the Indictment because good faith on the part of a defendant is inconsistent with an intent to defraud or to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

A person who acts on a belief or opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate or wrong. An honest mistake in judgment or an error in management does not rise to the level of intent to defraud. However, a defendant does not act in "good faith" if, even though he honestly holds a certain opinion or belief, he also knowingly makes false or fraudulent pretenses, representations, or promises to others.

Thus, a belief by a defendant that ultimately everything would work out, so that no investor would lose any money, is not necessarily the same as finding that the defendant acted in good faith. No amount of honest belief on the part of a defendant that a particular investment will ultimately make money will excuse false representations or promises made to obtain money. In this context, a statement or representation is false if it is untrue when made and the defendant knew it was untrue when he made it. Similarly, a statement or representation is fraudulent if it is

31

made falsely with intent to deceive.

In considering whether or not the defendant acted with an intent to obtain money or property by means of false or fraudulent pretenses, representations, or promises, or whether he acted in good faith, you must consider all of the evidence in the case bearing on his state of mind.

The defendant does not bear any burden of proving good faith or anything else in this case. Rather, it is the government's burden to prove to you, beyond a reasonable doubt, that the defendant acted with intent to defraud or to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

Adapted from United States v. Brennan, 832 F. Supp. 435, 439-40 (D. Mass. 1991), aff'd 994 F.2d 918 (1st Cir. 1993); 2A K. O'Malley, et al, Federal Jury Practice and Instructions, §57.16, pp. 417-27 (5th ed. 2000); 1 Mod. Fed. Jury Instruction, ¶8.01, Instruction No. 8-1, pp. 8-2 to 8-7, see United States v. Mueffelman, 470 F.3d 33, 36-37 (1st Cir. 2006).

INSTRUCTION NO. 20
Structuring a Currency Transaction

The defendant is charged in Counts 24 through 28 of the Indictment with violating section 5324 of Title 31 of the United States Code by structuring currency transactions with one or more financial institutions for the purpose of evading the reporting requirements of section 5313(a) of Title 31, which applies to certain currency transactions as I will define them.

Section 5324(a), the statute referred to in the indictment provides that

> No person shall for the purpose of evading the reporting requirements of section 5313(a) ... or any regulation prescribed under [that section]
>
> (3) structure or assist in structuring ... any transaction with one or more domestic financial institutions

Section 5324(d) provides that whoever violates this section shall be guilty of a crime.

3  Mod. Fed. Jury Instructions, ¶50B.05, Instruction No. 50B-19, p. 50B-26.

INSTRUCTION NO. 21
Elements of the Offense

In order to prove the crime of structuring a currency transaction, the government must prove beyond a reasonable doubt each of the following three elements:

First, that the defendant knew that a financial institution was legally obligated to report currency transactions in excess of $10,000.

Second, that the defendant engaged or assisted in the structuring of a currency transaction with one or more domestic financial institution.

Third, that the defendant acted with the intent to evade the reporting requirement.

If you find that the government has proven these three elements as to any of the currency transaction structuring counts alleged in the indictment, then you must decide, beyond a reasonable doubt, whether he did so while violating another law of the United States.

3  Mod. Fed. Jury Instructions, ¶50B.05, Instruction No. 50B-20, p. 50B-28.

INSTRUCTION NO. 22
Knowledge of Reporting Requirement

The first element that the government must prove beyond a reasonable doubt is that at the time the transactions described in the Indictment occurred, the defendant knew that a financial institution was legally obligated to report currency transactions in excess of $10,000.

A financial institution is defined in the statute as an insured bank, as defined in section 3(h) of the Federal Deposit Insurance Act;

Under section 5313, a financial institution is required to file a report with the federal government any time that it is involved in a transaction involving $10,000 or more in United States currency. This is known as a currency transaction report, or CTR.

In order to satisfy this element the government must prove that the defendant knew that the financial institution involved would be required to file a CTR for any currency transaction involving $10,000 or more.

The question of whether a person acted with knowledge is a question of fact for you to determine, like any other fact question. Direct proof of knowledge is not always available, and such proof is not required. The ultimate fact of whether someone knew something at a particular time, though subjective, may be

established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

---

3 <u>Mod</u>. <u>Fed</u>. <u>Jury</u> <u>Instructions</u>, ¶50B.05, Instruction No. 50B-21, p. 50B-31.

INSTRUCTION NO. 23
Structuring Transactions

The second element the government must prove beyond a reasonable doubt is that the defendant engaged or assisted in the structuring of a currency transaction.

A currency transaction is any financial transaction which includes the physical transfer of currency. For example, taking a check to the bank and cashing it is a currency transaction, but depositing the check in a bank account is not. As I instructed you before, engaging in a currency transaction in an amount greater than $10,000 requires the financial institution to file a currency transaction report.

Structuring of a transaction occurs when a person, acting alone or with others, conducts or attempts to conduct one or more currency transactions, in any amount, at one or more financial institutions, on one or more days, for the purpose of evading the reporting requirement I have described. Structuring includes, but is not limited to, writing more than one check, each in an amount less than $10,000, and then cashing each of these checks in order to avoid the reporting requirement. The transactions need not exceed $10,000 at any single financial institution, or on any single day, in order to constitute structuring.

3  Mod. Fed. Jury Instructions, ¶50B.05, Instruction No. 50B-22, p. 50B-35.

INSTRUCTION NO. 24
Intent to Evade Reporting Requirement

The third element the government must prove beyond a reasonable doubt is that the defendant engaged in structuring with the intent to evade the reporting requirement.

A person acts intentionally when he acts deliberately and purposefully. The defendant's acts must have been the product of defendant's conscious objective rather than the product of a mistake or accident.

Direct proof of a defendant's intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time he committed an act with a particular intent. Such direct proof is not required. The ultimate fact of intent, though subjective, may be established by circumstantial evidence, based upon the defendant's outward manifestation, his words, his conduct, his acts and all of the surrounding circumstances disclosed by the evidence, and the rational or logical inferences that may be drawn from them.

3 Mod. Fed. Jury Instructions, ¶50B.05, Instruction No. 50B-23, p. 50B-37.

INSTRUCTION NO. 25
<u>While Violating Another Law</u>

If you find that the government has proved the defendant's guilt as to any of structuring counts alleged in the Indictment, you must respond to an additional question relating to whether the defendant committed the structuring offense while violating another law of the United States.

On the Verdict Form which I will give you it will ask you whether you find the defendant "guilty" or "not guilty" of each of the five currency structuring charges in the Indictment, Counts 24 to 28. As to each of those five charges, there will be the following question "If you find the defendant guilty of this offense, did the defendant commit this offense while violating another law of the United States?" Below the question will be a line for the jury to answer that question "yes" or "no".

In answering this question as to each count, the Jury must be unanimous, meaning all 12 of you must agree on the answer. In addition, before you can answer the question "yes", the government must prove to you, beyond a reasonable doubt, that the answer is "yes". The defendant never bears any burden to prove anything in this case.

3 <u>Mod</u>. <u>Fed</u>. <u>Jury</u> <u>Instructions</u>, ¶5.01, Instruction No. 50B-24, p. 50B-39; <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) (as a matter of constitutional law, facts which increase a statutory maximum penalty must be found by the jury by proof beyond a reasonable doubt).

INSTRUCTION NO. 26
Punishment

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the Court. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict in any way, or, in any sense enter your deliberation.

1 Mod. Fed. Jury Instructions, ¶9.01, Instruction No. 9-1, p. 9-3.

INSTRUCTION NO. 27
Submitting the Indictment


I am sending a copy of the Indictment into the jury room for you to have during you deliberations.  You may use it to read the crimes which the defendant is charged with committing.  You are reminded, however, that an Indictment is merely an accusation and is not to be used by you as any proof of the conduct charged.

---

1  Mod. Fed. Jury Instructions, ¶9.04, Instruction No. 9-4, p. 9-10.

CERTIFICATE OF SERVICE


I, Patrick M. Hamilton, Assistant U.S. Attorney, hereby certify that I have caused this document to be served on counsel for the defendant by causing it to be filed electronically in the Court's CM/ECF System, this 16th day of January, 2007


/s/ Patrick M. Hamilton
Patrick M. Hamilton
Assistant U.S. Attorney

42