**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

**UNITED STATES OF AMERICA,**

      v.                                      **CRIMINAL NO.   03-10363-RCL**

**CHUONG VAN DUONG
            Defendant(s).**

**PROCEDURAL ORDER
REGARDING SENTENCING HEARING**

**LINDSAY, D.J.**

A plea of guilty or nolo contendere, or a verdict of guilty, having been entered on **January 26, 2007**, under the Sentencing Reform Act of 1984, it is hereby **ORDERED**:

**Pre-sentence Investigation**

1.     (a)    The United States Probation Office shall commence immediately the pre-sentence investigation, unless as provided in Fed. R. Crim. Pro. Rule 32(i), the court finds under Rule 32 (c) (1)(A) and (B) that the information in the record enables it to exercise its sentencing authority meaningfully under 18 U.S.C. § 3553 and the court explains this finding on the record.

       (b)    The Probation Office shall prepare pre-sentence investigation reports in the order in which the requests from the court are received.

**Statement of Relevant Facts**

2.     Not later than seven days after the plea or verdict [or on **February 2, 2007**], the attorney for the government shall provide to the United States Probation Office a statement of relevant facts and any other documents pertinent under Federal Rules of Criminal Procedure 32 (d) and shall simultaneously serve on counsel for the defendant a copy of everything provided to the Probation Office.

**Submission of Information Regarding Identifiable Victims (if applicable)**

3.     Not later than seven days after the plea or verdict (or on **February 2, 2007**), the attorney for the government shall provide to the United States Probation Office a written statement setting forth the names of the victims, their contact information/addresses, and the amount of loss sustained by each victim/restitution owed to each victim pursuant to the Federal Rules of Criminal Procedure, Rule 32(c)(1)(B).

**Interview of Defendant**

4. The Probation Office shall provide a reasonable opportunity for defense counsel to attend any interview of the defendant conducted by a probation officer during the pre-sentence investigation.

    (a) If the case is resolved by a plea, and the Probation Office has timely notification of the plea, it shall hold an interview with the defendant on the day of the plea. If an interview cannot be held on the day of the plea, the Probation Office shall schedule an interview to be held within seven days after the plea or within such additional time as the court may order.

    (b) If the case is resolved by a verdict, the Probation Office shall schedule an interview with the defendant to be held within seven days after the verdict or within such additional period of time as the court may order.

    (c) If the defendant is in custody, the United States Marshal shall, at the request of the Probation Office, bring the defendant to the courthouse for an interview at the earliest feasible time.

**Pretrial Services Responsibility**

5. Pretrial Services shall provide to the Probation Office all documents in the possession of Pretrial Services that may be relevant to the pre-sentence investigation, including a copy of the Pretrial Report, the defendant's state, local, and national criminal record, police reports, copies of convictions, drug test results, reports of incidents, and other reports and supporting documents.

**Date of Sentencing**

6. The sentencing hearing (and sentencing) is scheduled to occur at **2:00PM** on **June 4, 2007** in courtroom 11 on the 5th floor. This date shall be not sooner than ten weeks after the date of the plea/verdict, in order to permit the following:

    (a) Probation Office shall have **five weeks** after the date of plea/verdict for the preparation and disclosure of the initial report.

    (b) Probation Office shall disclose the initial report to defense counsel and government counsel **not less than five weeks before the** sentencing hearing, unless the defendant expressly waives the minimum five week pre-sentencing notification period.

    (c) The date on which disclosure of the initial report is deemed to have been made to each attorney is the date of the mailing of a copy to that attorney. An attorney may, in lieu of receiving disclosure by mail, make arrangements with the Probation Office to pick up the initial report not later than 3:00 p.m. on the date disclosure is due. It is the responsibility of defense counsel to disclose and explain the initial report to the defendant.

**Objections Procedure**

7.  **Within fourteen days after disclosure of the report**, attorneys for the government and the defendant shall advise the probation officer and each other in writing, of any objections they may have as to any material information, sentencing classifications, sentencing guideline ranges, or policy statements contained in or omitted from the initial report.

8.  The probation officer shall conduct any further investigation and make any revisions to the initial report that may be necessary. The probation officer may require counsel for both parties to confer with the probation officer to identify and attempt to resolve any factual or legal disputes which may require hearing by the court.

**Final Pre-sentence Report**

9.  **Not later than May 28, 2007 (which is a date not less than seven days before the sentencing hearing)**, the probation officer shall submit to the court and disclose to the attorneys the final pre-sentence report, including any addendum, setting forth the unresolved objections, the grounds for these objections and the probation officer's comments on the objections. The probation officer shall certify that the contents of the report, including any revisions, and the addendum have been disclosed to the defendant and to counsel for the defendant and the government, and that the addendum fairly states any remaining unresolved objections. Except with regard to any unresolved objections, the report of the pre-sentence investigation may be accepted by the court as accurate. The court, however, for good cause shown, may allow a new objection to the pre-sentence report to be raised at any time before the imposition of sentence.

**Hearing and Counsel's obligations**

10. The Court will hold a sentencing hearing to resolve any disputed issues.

    **Obligations of Counsel**: **Not less than five days** before the sentencing hearing or such other time as set by the Court

    (1) **Notice:** Counsel must advise the Court:

        (a) whether either party will move for a departure from the applicable guideline range or will move for a non guideline sentence;

        (b) whether apart from (a) above, there are legal questions not adequately addressed in the pre-sentence report or not addressed at all;

        (c) whether there are factual issues which the party contends will require an evidentiary hearing.

    (2) **Memorandum:** In any case in which a party raises as an issue one or more of the matters set forth in subparagraph (1) above, the party raising that issue must file with the Court a sentencing memorandum setting forth in detail the party's position as to the issue in question. If the party urges imposition of a non-Guidelines sentence, the party shall address how each of the relevant

       sentencing factors set forth in 28 U.S.C. § 3553(a) will be accommodated by the proposed sentence. With respect to proposals for non-Guidelines sentences, the memorandum shall include proposed findings of fact and conclusions of law with respect to the § 3553(a) factors. The sentencing memorandum must be filed and served on all the parties and the probation officer who authored the pre-sentence report **not less than five days before the sentencing hearing.**

11. The schedule set forth in this Order may be modified by the Court for good cause shown.

12. Disclosure of the pre-sentence report is made under the provisions of Rule 32, Fed. R. Crim. Pro., except that the Probation Office shall not disclose any recommendation it made to the court as to sentence. Any such recommendation made to the court by the Probation Office must not contain factual information not already disclosed to both counsel and to the defendant.

                                                                   /s/ Reginald C. Lindsay  
                                                                   United States District Judge

DATE: 1/29/07

cc:    Counsel  
        Probation Office  
        Pretrial Services

ProcOrderSentencingRev4-14-06.wpd