UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 03-10363-RCL |
| | ) | |
| CHUONG VAN DUONG, | ) | |
| Defendant. | ) | |

ORDER OF APPOINTMENT OF COURT EXPERTS

Lindsay, District Judge.

The defendant, Chuong Van Duong, is before the court for sentencing, following his plea of guilty on January 26, 2007 to counts 1-14 (mail fraud) and 24-28 (structuring transactions) of the indictment on which this case is based.

On February 7, 2006, acting pursuant to a motion of the government, I ordered an examination of the defendant to determine his mental competency to stand trial. That examination was performed by Drs. Ronald Schouten and Tuong Van Nguyen (the "competency experts"). On March 2, 2006, the competency experts submitted a report of their examination of the defendant (the "Competency Evaluation"). As reported in the Competency Evaluation, the competency experts determined that the defendant was not then suffering from a medical, neurological, or psychiatric condition that substantially diminished his capacity to consult with his lawyers or that deprived him of a rational and factual understanding of the proceedings against him. However, the Competency Evaluation noted concerns with the manifestation by the defendant of what the competency experts called the defendant's "marked grandiosity," namely, the proclivity of the defendant to claim accomplishments, abilities and experiences that do not

seem grounded in reality. The competency experts pointed out that the defendant's grandiosity could be one of the following: (1) straightforward lying to deceive others, (2) symptomatic of a delusional disorder, or (3) the product of a condition known as pseudologia fantastica, a form of pathological lying, associated with a personality disorder. The competency experts stated that the determination of the actual cause of the defendant's grandiosity required a more extensive investigation and clinical assessment.

As noted above, the defendant, in January 2007, decided to plead guilty – and did plead guilty – to various offenses charged in the indictment and sentencing ("the offenses of conviction"). Following the hearing on the plea, I determined that a further psychiatric assessment of the defendant should be conducted, because he may have had, at the time the offenses of conviction were committed, or he may now have, a mental defect or impairment that I should consider in determining an appropriate sentence.

Because there is the potential of any psychiatric assessment to be affected by subtleties arising from the differences in language and culture between the defendant and his evaluators, and because of the complexities of the required psychiatric assessment, I have concluded that I should appoint two such evaluators, as I did with respect to the Competency Evaluation. Catherine Vuky, Ph.D., a Vietnamese-speaking psychologist has agreed to conduct psychological testing of the defendant. Dr. Schouten, a psychiatrist who participated in the evaluation of the defendant's competency to stand trial, has agreed to conduct any remaining elements of the assessment required by this order. Accordingly, the court enters the following orders:

    1. Catherine Vuky, Ph.D. and Ronald Schouten, M.D. (the "court experts"), are hereby

appointed to perform outpatient psychiatric and/or psychological examinations of the defendant, Chuong Van Duong, and to prepare a detailed written report of such examinations. The report shall include, without limitation, the court experts' assessment of the following as to the defendant's psychiatric condition at the time of the offenses of conviction (insofar as the medical experts are able to opine as to the defendant's past psychiatric condition at the relevant times): (a) the extent to which the "grandiosity" described in the Competency Evaluation is symptomatic, a manifestation and/or the product of a significantly reduced mental capacity or impairment; and (b) the extent to which any significantly reduced mental capacity or impairment contributed to the offenses of conviction. In this context, "significantly reduced mental capacity" means that the defendant, at the time the offenses of conviction were committed, had a significantly impaired ability to (i) understand the wrongfulness of the conduct comprising the offenses of conviction (ii) exercise the power of reason and/or (iii) control behavior that he knew was wrongful. The report shall also include the court experts' assessment of the defendant's present psychiatric condition. If the court experts find that the defendant presently suffers from a psychiatric disorder, as defined in the DSM-IV, they shall give their opinion as to whether, and the manner by which, that condition may be treated.

    The court experts shall conduct their psychiatric/and/or psychological examination and assessment of the defendant as soon as practicable. Unless the court otherwise orders, the court experts shall submit their written report to the court, with copies to the respective counsel for the parties, not later than twenty-one (21) days from the conclusion of any examination and testing required for them to make the assessment required by this order.

    2. Counsel for the parties shall make themselves available to the court experts, as

required, and they shall provide to the court experts any information or materials the court experts may reasonably request, in connection with the court experts' psychiatric and/or psychological assessment of the defendant. In particular, counsel shall provide to the court experts a copy of the indictment, a copy of the presentence report prepared by the court's probation office, and a copy of the Competency Evaluation. No information or materials provided by counsel to the court experts shall operate as a waiver of any attorney-client or work-product protection that might otherwise attach thereto.

    3. The defendant shall cooperate with the court experts as required.

    4. Counsel for the defendant will arrange for a suitable person to accompany the defendant to any sessions with the court experts.

    5. For undertaking the psychiatric assessment and preparing the report required by this order, Dr. Vuky shall be compensated at the rate of $150 per hour to a maximum of $1,500, and Dr. Schouten shall be compensated at the rate of $425 per hour to a maximum of $4250. The compensation of the court experts shall be paid by the Department of Justice from funds appropriated for this purpose. *See Decision of the Comptroller General B-139703* (Mar. 21, 1980); *Jack B. Weinstein & Margaret A. Berger,* 4 WEINSTEIN FEDERAL EVIDENCE § 706.06(2)(2d ed. 2006). The court experts shall submit invoices for their respective services at the time that they submit the written report required by this order. The court will forward the invoices to the Assistant United States Attorney representing the United States in this action so that the invoices promptly may be paid by Department of Justice. Unless the court otherwise orders, the invoices of the court experts shall be made part of the public record in this case.

    The sentencing of Chuong Van Duong is deferred pending further order of the court.
SO ORDERED.

                                        /s/ REGINALD C. LINDSAY  
                                        UNITED STATES DISTRICT JUDGE

DATED: October 10, 2007